BERYL ANN DAHL, APPELLEE, V. CARL L. DAHL, APPELLANT.

406 N.W.2d 639

Filed May 29, 1987.   No. 85-633.

Earl J. Witthoff of Perry, Perry, Witthoff, Guthery, Haase & Gessford, P.C., for appellant.

Sarah J. Shofstall of Sidwell & Shofstall, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Carl L. Dahl, respondent, appeals from the decree of the district court for Kearney County dissolving the marriage between him and petitioner, Beryl Ann Dahl. In his appeal the respondent alleges that the district court erred in its division of the marital estate of the parties and in awarding an amount of alimony to petitioner which is patently unfair and which is not based on the considerations and requirements of Neb. Rev. Stat. § 42-365 (Reissue 1984).

The division of marital property in a dissolution action is a matter entrusted to the sound discretion of the trial judge, which, on appeal, will be reviewed by this court de novo on the record, and in the absence of an abuse of that discretion, the decision of the trial court will be affirmed. In such a review, where the evidence is in conflict, this court will give weight to the fact that the trial court observed and heard the witnesses and accepted one version of the facts rather than another. *Guggenmos v. Guggenmos*, 218 Neb. 746, 359 N.W.2d 87 (1984). In the case on appeal, the only issue presented by appellant is his contention that the trial court erred in finding that the appellant's "testimony is not credible with respect to the purported disappearance of $184,239.34 of the parties' savings . . . ." We have examined the record, and we determine that the trial court's finding is fully supported by the evidence. We further agree with the trial court's finding that in the distribution of the parties' assets, such funds are chargeable to appellant. The court's division of the marital assets of the parties is affirmed.

Appellant also contends the alimony allowance granted to appellee is unfair. The trial court ordered appellant to pay alimony of $250 per month for 49 months beginning August 1, 1985, $500 per month for the succeeding 24 months, and $750 per month for the succeeding 156 months. The parties were 42 and 43 years old at the time of the decree and had been married for 21 years at that time.

Income tax records before the trial court showed that the adjusted gross income of the parties between 1977 and 1982 ranged from $10,835 to $21,304 annually; 1983 adjusted gross income was $31,706. Appellant testified his income in 1984 was approximately $12,000. Appellee earned approximately $5,000 a year as a cook in the Axtell, Nebraska, school system.

The parties stipulated in evidence that between March 26 and July 1, 1984, appellant withdrew $197,082.09 in assets of the parties from various banks. There is no showing in the record as to either party's receiving an inheritance. There is no explanation in the record as to how this sum of money could be accumulated on the earnings of the parties.

In view of the fact that the trial court observed the witnesses and has made a factual determination on the evidence produced by such witnesses, we will not make any different orders as to the proper alimony due appellee. Any necessary changes in the amount of alimony due, or the length of time alimony should be paid, should be considered at the time either party seeks a change in the existing court order. At that time, the moving party can establish facts justifying a change by evidence more illuminating than that in the record before us.

The trial court's order is affirmed in its entirety.

AFFIRMED.